## LASAT v. FORCELLE.

### No. 16726.

Court of Appeal of Louisiana. Orleans.

April 4, 1938.

Joseph Rosenberg, of New Orleans, for appellant.

William H. Talbot, of New Orleans, for appellee.

WESTERFIELD, Judge.

The plaintiff, Angelina Jesse, sues Mrs. J. H. Forcelle, Jr., for damages for physical injuries alleged to have been sustained by her·as a result of being struck by falling plaster while in the·residence of her daughter, the lessee of the defendant. She claims $300 for pain and suffering. The defendant denied all the essential allegations of plaintiff's petition.

There was judgment below in favor of defendant, and plaintiff has appealed.

We are convinced that some plaster fell from the ceiling of one of the rooms of a house rented by plaintiff's daughter from the defendant. In fact, the defendant admits that it did, but denies that plaintiff suffered any injury therefrom. The accident is alleged to have occurred on January 9, 1937, ·and the plaster is said to have struck plaintiff on her head and shoulder and near her right eye. She testified to that effect and that she was compelled to remain in bed for four weeks. Her daughter, Mary Moses, substantially corroborates her testimony, though she says her mother was in bed for only three weeks. Plaintiff's son testified that, though he was not in the room when the plaster fell, he knew that his mother was there ironing clothes at the time.

Angelina Jesse had been a patient at the Charity Hospital Clinic for some time. The record of her treatment, which is in evidence, indicates that she had been receiving treatments at that institution from October 27, 1933, until March 13, 1937. When first admitted her ailment was diagnosed as "mixed arthritis." She claims to have gone to the hospital on the day of the accident, January 9, 1937, though the hospital record does not show it. She was there, however, on January 12, January 19, and again on January 22, 1937, without having mentioned any injuries resulting from the falling plas-

ter. It was not until January 23, 1937, that she reported her accident to the hospital when the report. shows "plaster fell on patient's head. Has no injury. Remained in bed for awhile." On January 30 she complained of "pain in head near injury and pain č lacrimation of rt. eye."

Though plaintiff claims to have been in bed suffering from her injuries for four weeks and her daughter testified that she was so confined for three weeks, Dr. Ficklen, employed by the insurance carrier of defendant, testified that he made four attempts to see her during that time without having been able to gain admittance. Dr. Hattaway also employed by defendant's insurance carrier made four visits before he succeeded in examining plaintiff on February 11, 1937. At that time, a month after the accident, he could find no evidence of any injury. O. W. Ware, another employee of the insurance carrier, testified that he made four visits before he could get to see the plaintiff on January 19, 1937.

The evidence concerning plaintiff's injury is unsatisfactory and unconvincing, and we are unable to say that the trial court, in deciding the issue in favor of the defendant, was guilty of manifest error.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.